IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ja'Garrian Horton,<br>*formerly* SCDC # 335940,<br><br>                        Plaintiff,<br><br>   vs.<br><br>Mr. Eagleton;<br>Mr. Sellers;<br>Mr. West,<br><br>                        Defendants. | Civil Action No. 6:14-2070-RMG-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       At the time the plaintiff originally filed this case, he was an inmate at the Allendale Correctional Institution. The plaintiff was released from prison on July 1, 2014, pursuant to the SCDC policy to release inmates on the first day of the month of their scheduled release. *See Bennett v. Byers*, Civil Action No. 2:12-742-TMC-JDA, 2012 WL 1416511, at *1 (D.S.C. March 30, 2012), *adopted by* 2012 WL 1416484 (D.S.C. Apr. 24, 2012). In the above-captioned case, the plaintiff has brought suit against the Warden and two employees of Evans Correctional Institution (ECI).

       The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals that this civil rights action arises out of the plaintiff's placement in the special management unit (SMU) at ECI. The plaintiff indicates that he was originally placed in the SMU as the result of a disciplinary hearing (doc. 1 at 3). The plaintiff, however, alleges that he was kept in the SMU after the expiration of his "lockup time" (*Id.*). The plaintiff contends that he should have been put back on the "yard" after the expiration of his lockup time (*Id.*). He indicates that he was kept in the SMU approximately 60 to 70 days after the expiration of his lockup time. The plaintiff states that he was told that he was being kept in the SMU

because of lack of bed space, but the plaintiff does not believe this explanation because "people" (inmates) were getting off the bus from the Kirkland Correctional Institution (*Id.*).

In his prayer for relief, the plaintiff states that he wanted his 60 days back that he lost, but acknowledges that he cannot get this time back because of his release from prison on July 1, 2014 (doc. 1 at 5). Instead, the plaintiff seeks payment for the 60 "extra" days he spent in the SMU, "which is negligence on their part[.]" (*Id.*).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

As earlier stated, in the complaint the plaintiff indicates that his extra time in the SMU was the result of negligence on the part of the three defendants (doc. 1 at 5). Negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986); and *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989) (Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation).

In any event, the defendants could keep the plaintiff in the SMU after the expiration of his "lockup time." The act of placing a detainee or prisoner in administrative segregation or higher custody is not punitive *per se* because it is rationally connected to

2

legitimate governmental objectives. Courts have recognized that administrative separation or segregation may, for example, serve any number of the following legitimate interests—to protect an inmate's safety, to protect other inmates from a particular inmate, to break up potentially disruptive groups of inmates, or simply to await later classification or transfer. *Merriweather v. Reynolds*, 586 F. Supp. 2d at 557–58; *see also McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); *cf. Keeler v. Pea*, 782 F. Supp. 42, 43–44 (D.S.C. 1992) (South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison).

It is not clear from the complaint whether the plaintiff is also challenging the disciplinary proceedings which resulted in his being placed in the SMU. Defendant Sellers was the disciplinary hearing officer (doc. 1 at 3). The plaintiff's then-available remedy for loss of good time was in habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"). In light of the plaintiff's release from prison on July 1, 2014 (doc. 9) and his relocation to North Carolina (doc. 11-2), this case is moot with respect to the prison disciplinary proceedings. *Incumaa v. Ozmint*, 507 F.3d 281, 286–88 (4th Cir. 2007); and *Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972).

Based on the foregoing, it is, therefore, recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the important Notice on the next page.

July 23, 2014                                              s/ Kevin F. McDonald
Greenville, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).